**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Cincinnati Insurance Company,<br>Plaintiff,<br>v.<br>Jeffrey Tazelaar, et al.,<br>Defendants. | No. CV-26-01738-PHX-SMB<br>**ORDER** |

The Court now considers Gurdip Singh Malhi and Charanjit Kaur's Motion to Intervene ("Mahli") ("Proposed Intervenors). (Doc. 19, Exhibit 1.) For the reasons noted below, the Court **grants** the Proposed Intervenors' Motion.

## I. BACKGROUND

Plaintiff filed a complaint for declaratory judgment "to determine the rights and obligations" it has toward Defendants. (Doc. 1, at 2, ¶ 1.) The Proposed Intervenors filed a lawsuit in California against Defendant Jeffrey Tazelaar based on a motor vehicle crash allegedly caused by him on October 21, 2022. (Doc. 1, Exhibit 2.) Plaintiff claims that it has no duty to defend or indemnify Defendant Jeffrey Tazelaar because he is not an insured under its umbrella policy. (*Id*. at 8, ¶ 29). He is being defended by his automobile liability insurer in the California case where the Proposed Intervenors allege that Defendant Jeffrey Tazelaar is also an insured under Plaintiff's umbrella policy as a permissive user. (Doc. 1 at 5, ¶ 21.) The Proposed Intervenors claim catastrophic injuries. The auto policy has a $250,000 limit. Plaintiff's umbrella policy has a $5,000,000 limit. (Doc. 19, Exhibit 1 at 3.) The Proposed Intervenors seek to intervene in this declaratory judgment case. The

Court now considers their Motion to Intervene.

## II. LEGAL STANDARD

A non-party who wishes to join a suit may move to intervene under Federal Rule of Civil Procedure ("Rule") 24. Rule 24 speaks of two types of intervenors: (1) intervenors of right—those whom the court *must* let intervene; and (2) permissive intervenors—those whom the court *may* let intervene.

## III. DISCUSSION

The Proposed Intervenors argue that they qualify as an intervenor of right, or, alternatively, a permissive intervenor. (Doc. 19, Exhibit 1 at 2.) The Court considers each argument in turn.

### A. Intervention of Right

The Court first assesses whether the Proposed Intervenors qualify as an intervenor of right. Rule 24(a)(2) requires courts, upon timely motion, to permit intervention of right by anyone who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."

Under Rule 24(a)(2), a party is entitled to intervene as a matter of right where: "(1) the intervention is timely; (2) the applicant has a significant protectable interest relating to the property or transaction that is the subject of the action; (3) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and (4) the existing parties may not adequately represent the applicant's interest." *Gonzalez v. Arizona*, 485 F.3d 1041, 1051 (9th Cir. 2007) (citation modified). In assessing these elements, "courts are guided primarily by practical and equitable considerations, and the requirements for intervention are broadly interpreted in favor of intervention." *United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004).

If any one of the four elements is not satisfied, the application for intervention fails. *Perry v. Prop. 8 Off. Proponents*, 587 F.3d 947, 950 (9th Cir.2009). Assuming the other three elements are satisfied, the Court finds that the Proposed Intervenors do not have a

significant protectable interest in the case now before this Court to meet the requirements of intervention as of right under Rule 24.

The word "interest" in Rule 24(a)(2) is susceptible of two different readings. *California Dep't of Toxic Substances Control v. Jim Dobbas, Inc.*, 54 F.4th 1078, 1087 (9th Cir. 2022). "It can be read in a specifically legal sense, to mean a right or other advantage that the law gives one person as against another person." *Id.* (citation modified). "Or it can be read more broadly and in a less technical sense to refer to anything that a person wants, whether or not the law protects that desire." *Id.* (citation modified). The Ninth Circuit has held that Rule 24(a)(2) requires at a minimum that "the asserted interest be protectable under some law and that there exist a relationship between the legally protected interest and the claims at issue. *Jim Dobbas*, 54 F.4th at 1088 (citation modified).

An interest is protectable if it is "substantial and present." *See Shelby School v. Arizona State Bd. Of Educ.*, 962 P.2d 230, 242, ¶ 55 (Ariz. App. 1998). At this point, the Proposed Intervenors have filed a lawsuit against Defendant Jeffrey Tazelaar which is currently underway in California. No determination has yet been made concerning Defendant Tazelaar's liability. "Courts generally conclude that a movant's economic interest in a separate recovery from one party to the underlying dispute is insufficient for intervention." *HRH Servs. LLC v. Travelers Indem. Co.*, No. 23-cv-02300 (JDB), 2024 WL 4699925 at *6 (D.D.C. Nov. 6, 2024). Therefore, any damages owed by Defendant Tazelaar to the Proposed Intervenors based on the motor vehicle crash are still theoretical and speculative. That is insufficient to be a legally protectable interest. Thus, the Court finds that intervention as of right does not apply. The Court now turns to permissive intervention.

**B. Permissive Intervention**

Under Rule 24(b)(1)(B), "the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." The court "may grant permissive intervention where the applicant for intervention shows (1) independent grounds for jurisdiction; (2) the motion is timely; and (3) the applicant's

claim or defense, and the main action, have a question of law or a question of fact in common." *United States v. City of Los Angeles*, *Cal.*, 288 F.3d 391, 403 (9th Cir. 2002) (citation modified).

Proposed Intervenors are California citizens. (Doc. 1, Exhibit 2 at 2, ¶¶1-2.) Plaintiff is an Ohio citizen. (Doc. 1 at 2, ¶ 4.) This Court therefore has diversity jurisdiction. To determine whether a motion to intervene is timely, the Court considers "(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay." *Kalbers v. U.S. Dep't of Just.*, 22 F.4th 816, 822 (9th Cir. 2021). Because Defendants' answer was filed only last month in August 2026, and intervention will not prejudice any party, the Proposed Intervenors' motion is timely. And Plaintiff seeks declaratory judgment as to whether Defendant Jeffrey Tazelaar is an insured under their umbrella policy. (Doc. 1 at 3, ¶7.) That is the same legal issue Proposed Intervenors seek to litigate. (Doc. 19, Exhibit 1 at 7.)

"In exercising its discretion, the district court must consider whether intervention will unduly delay the main action or will unfairly prejudice the existing parties." *Donnelly v. Glickman*, 159 F.3d 405, 412 (9th Cir.1998) (citation modified). Adding the Proposed Intervenors as defendants in this case will not delay the proceedings. Nor will there be any prejudice to the parties. In fact, the Proposed Intervenors' presence in this case may assist the Court in more fully and fairly adjudicating this matter because there is some concern over whether Defendant Jeffrey Tazelaar will adequately litigate this case. (Doc. 19, Exhibit 4 ("Mr. Tazelaar has limited finances needed to vigorously contest the relief Cincinnati seeks in this case.").)

Accordingly, the Court will exercise its "broad discretion" to grant permissive intervention. *Perry v. Schwarzenegger*, 630 F.3d 898, 905 (9th Cir. 2011).

## IV. CONCLUSION

**IT IS HEREBY ORDERED granting** Proposed Intervenors' Motion to Intervene (Doc. 19) and allowing the Proposed Intervenors to intervene as additional defendants.

**IT IS FURTHER ORDERED** that Proposed Intervenors shall restyle their Complaint in Intervention as an Answer and file it within 20 days of this order.

Dated this 25th day of September, 2026.

Honorable Susan M. Brnovich
United States District Judge